IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Criminal No. 22-99 |
| v. | |
| ROBERT PACEK | |

FILED
APR - 5 2022
CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Cindy K. Chung, United States Attorney for the Western District of Pennsylvania, and Karen Gal-Or, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

### I.   THE INDICTMENT

A federal grand jury returned a seven-count Indictment against the above-named defendant for alleged violations of federal law:

| **Counts** | **Offense** | **Title/Section** |
|---|---|---|
| One | Conspiracy to Receive and Distribute Material Depicting the Sexual Exploitation of a Minor from on or about February 28, 2021 to on or about March 11, 2021 | 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1) |
| Two through Six | Distribution of Material Depicting the Sexual Exploitation of a Minor on or about February 28, 2021 | 18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2 |
| Seven | Possession of Material Depicting the Sexual Exploitation of a Minor on or about November 8, 2021 | 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2) |

### II.   ELEMENTS OF THE OFFENSES

**As to Count One:**

In order for the crime of Conspiracy to Receive and Distribute Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(2) and 2252(b)(1), to be

1

established, the Government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. § 2252(a)(2) as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1)

**As to Counts Two through Six:**

In order for the crime of Distribution of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. § 2252(a)(2), 2252(b)(1) and 2, to be established, the Government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly distributed a visual depiction of a minor using any means or facility of interstate or foreign commerce;

2. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct; and

3. That the visual depiction was of a minor engaging in sexually explicit conduct.

Title 18, United States Code, Sections 2252(a)(2) and 2252(b)(1)

**As to Count Seven:**

In order for the crime of Possession of Material Depicting the Sexual Exploitation of a Minor, in violation of 18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2), to be established, the Government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly possessed one or more items that contained a visual depiction of a minor engaging in sexually explicit conduct.

   Title 18, United States Code, Section 2252(a)(4)(B).

2. That the item that contained the visual depiction had been mailed, transported, or shipped in interstate commerce, or had been produced using materials that had been mailed or transported or shipped in interstate commerce.

   Title 18, United States Code, Section 2252(a)(4)(B).

3. That the production of the visual depiction involved the use of a minor engaging in sexually explicit conduct, as those terms are defined in Title 18, United States Code, Section 2256.

   Title 18, United States Code, Section 2252(a)(4)(B).

4. That the images involved prepubescent minors or minors who have not attained 12 years of age.

### III.   PENALTIES

**As to Counts One through Six: Distribution of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(2), 2252(b)(1), and 2)::**

1. Imprisonment of not less than five (5) years and not more than twenty (20) years, but if the defendant has a prior conviction under Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, Section 1591, or under Section 920 of Title 10, or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct

involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, or sex trafficking of children, the defendant shall be fined under this title and imprisoned not less than 15 years nor more than 40 years.

    2.    A fine of $250,000.00.

    3.    A term of supervised release of at least five years and up to life.

**As to Count Seven: Possession of Material Depicting the Sexual Exploitation of a Minor (18 U.S.C. §§ 2252(a)(4)(B) and 2252(b)(2)):**

    1.    A term of imprisonment of not more than ten (10) years, but if any image of child pornography involved in the offense involved a prepubescent minor or a minor who had not attained 12 years of age, the defendant shall be fined under this title and imprisoned for not more than 20 years, or if the defendant has a prior conviction (Title 18, United States Code, Chapter 110, Chapter 71, Chapter 109A, Chapter 117, or under Section 920 of Title 10) or under the laws of any state relating to aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward, or the production, possession, receipt, mailing, sale, distribution, shipment, or transportation of child pornography, such person shall be fined under this title and imprisoned not less than 10 years and not more than 20 years.

    2.    A fine of not more than $250,000 (18 U.S.C. § 3571(b)(3)).

    3.    A term of supervised release of at least 5 years, up to life (18 U.S.C. § 3583(k)).

### IV.     MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted (18 U.S.C. § 3013).

An additional special assessment of $5,000.00 must be imposed as to Counts One through Seven, as the offenses were committed after May 29, 2015, and the offenses are located within Chapter 110 of Title 18, United States Code. 18 U.S.C. § 3014(a).

Pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $35,000.00 shall be assessed as to Counts One through Six, as the offenses were committed after December 7, 2018, and the offenses is under § 2252(a)(4).

Further, pursuant to 18 U.S.C. § 2259A, an additional special assessment of not more than $17,000.00 shall be assessed as to Count Seven, as the offense was committed after December 7, 2018, and the offense is for trafficking in child pornography as defined at 18 U.S.C. § 2259(c)(3).

### V.     RESTITUTION

Restitution may be required in this case, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, 3664, and 2259. As to Counts One through Seven, pursuant to 18 U.S.C. § 2259(b)(2)(B), the amount of restitution per victim shall not be less than $3,000.00.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully Submitted,

CINDY K. CHUNG
United States Attorney

/s/ Karen Gal-Or
Karen Gal-Or
PA ID No. 317258